The next case on our docket today is agenda number six, number 130687, Irma Jordan v. Esmeralda Macedo. Counsel for the appellant, are you prepared to proceed? Good morning, your honors. Craig Sandberg on behalf of the plaintiff appellant's case, Irma Jordan. This is a pretty long winding case involving a pretty distinct and small issue. However, it's an issue that we as litigants encounter all the time, whether it be in an arbitration scenario or not. This particular case involves an arbitration scenario. And the way I view the issue in this case is, does a party waive or otherwise forfeit the right to obtain a mandatory statutory cost if not submitted to an arbitrator or even a panel of arbitrators? That wasn't the case here. I'm going to start there because I'm still confused what the question is. You're saying that the issue is the right of a plaintiff to receive costs. Is that the issue in this case? Or is it whether a limitation or the forum, going back to what we just heard, what is a proper forum for that determination? I certainly think that the second one is also true. There's no doubt that both litigants, plaintiff and defendant, if they are a prevailing party, are entitled to mandatory statutory costs. That's not the issue. The issue, to your point, is if it's not brought to an arbitrator, a single arbitrator, in the case of the law division annex arbitration that I was involved in, or even in the instance where there's a panel of arbitrators, if it's not brought to them and requested from them and particularized to them, is that right forever lost? So do you question whether there's an authority of the circuit court to adopt a rule that limits the forum as to when that issue could be raised? Is there some concern about the rule, the authority of the circuit court to adopt that kind of rule? I do think that there is a concern, and I did raise that in the context of the concern about a separation of power in the sense that the legislature has given every litigant, if they are a prevailing party, the right to seek and obtain their costs. The way it's been determined by both Galwitch and Vincenzio. However, what a rule might do is say that, for instance, 92, I think, was talked about by counsel, and that's the rule here. And that says that in determining a ward, this 92B, a ward shall dispose of all claims for relief. Now, I don't think that costs are generally considered a claim for relief. But then if we go to 92B, which talks about costs, the gist of that, and I don't have the rules specifically, is the first part of T says that the panel, if there was an arbitration panel, in my case, a student development panel, the panel must follow the law when awarding costs. And I understand that to be that they can't go and frolic and detour award costs that wouldn't otherwise be available to them based on this court's precedence in Galwitch and Vincenzio and 5108. Counsel, does the Illinois Supreme Court rule apply in this case where it was heard under the Cook County's arbitration rules? So the Cook County arbitration rules are not allowed to be inconsistent with this court's rules. But I don't believe that the parties agreed that specifically 92 doesn't apply to this law division arbitration. Did that answer your question? Counsel, let me ask you this. So in the original complaint, or whatever you want to call it, your client did ask for costs, right? Well, so the complaint certainly, if I recall what the complaint says, it asked for compensatory damages, compensatory evidence, as well as awarding, I think it may have said, attorney's fees and costs. But it doesn't reference pre-judgment interest or anything like that. But again, if you prevail, the law says, then you get mandatory costs. And the law says that if you prevail and get judgment in favor, you're then entitled to pre-judgment interest between the time of the filing of the lawsuit and when judgment is entered. So you were given the pre-judgment interest, right?  But as far as the cost, the problem is that it was not made a request at what point? Right. So at the arbitration, the plaintiff didn't submit as part of any materials, the filing fees, the summons, anything like that, as part of the arbitration package. And I don't believe that the rules of the law divisions, under the section of rules, Circuit Rule 25, that it says that you're supposed to include fees, costs, things like that, that would be constituting the mandatory statute of costs. And so they were not submitted as part of the evidence, and that was not heard by the arbitrator, and it was not requested. And in the arbitration award, they just said, you know, this amount for the plaintiff, zero contribution associated with the plaintiff. So no documentary evidence of what the costs were, no testimony? That's correct. No representations? Right. And, you know, to that point, to some degree, the decisions in Cruz, they don't describe what, if any, particularized or itemized costs were either part of the award that was given. I think that what the language in this Court's opinion talks about is that there is, you know, X number of dollars plus costs. So that seems to suggest that there wasn't an itemized amount. It was just the award included that, or beyond that, they were to be awarded. Counsel, you received an award, correct? Correct. And you did not reject it? That's correct. What difference does that make, if any? Well, unless and until we receive the award from the arbitrator, there hasn't been any party that's been determined to be a prevailing party or, using the language under 5108, you're entitled to those costs when the party recovers in such an action. So there hasn't been a determination of any recovery by either party until we get that award. And that's not the date of the arbitration, either. And so I don't think that matters because the purpose of the, I think it's called the JOA date, the judgment on the award date, is to enter judgment on the award. And if we think about it in the context of a jury trial, we don't ever submit our bill of costs to the jury for their consideration. The judge enters judgment on the jury's award. They can say sometimes plus costs and prejudgment interest. That's not necessary. But the next step is then to file your motion for taxation of costs and an award of prejudgment interest. And that's when the court considers that, in my experience. One of the other... Is there a material difference between costs and prejudgment interest, or are they the same? Well, they're certainly not the same. But for purposes of this analysis and consideration. Yeah, so they're the same in the sense that they're essentially ministerial in nature. As it relates to the prejudgment interest, it's not just this and that. There's what's the filing date? Was there ever an offer that was made at any point in time during the litigation? Did the award exceed that amount? And if so, how much did it exceed by it? Did it exceed it by? And if it exceeded, then you're entitled to the prejudgment interest from the period when the filing took place until the judgment is entered. One of the other important things, I think, is that the cases from this court, and Vincenzio most specifically, deals with Supreme Court Rule 208D, which talks about the role of depositions and what type of recovery of costs can you get related to depositions. And we think of those most specifically when someone is unavailable to testify at trial and their evidence deposition or discovery deposition is possible to be used, is then used at trial. So if you are requiring at the time of the arbitration, for instance, that the parties submit all of their costs, they wouldn't yet know whether or not all of these costs are captured. They may not have gotten a bill for a transfer that they just received, and how could they submit that timely to the arbitrator? There's a lot of litigation before this court and the lower courts regarding what costs are permitted. And we now know as litigants what's the leaps and bounds of that possibility. And so to that extent, Judge, I think that they're relatively ministerial in nature when it comes to costs, the subpoena fees, the deposition costs and filing fees. But it's not a lot beyond that. And I think that one of the cases that the defendant heavily relies upon is Cruz. And the problem with Cruz is that what they said, what this court said in Cruz that had to be addressed was because of the Consumer Fraud and Deceptive Practices Act, the role of the attorney's fees. Now, I don't do any of that litigation, so I can't stand in the shoes of how you're going to be able to let the arbitrator know what is the amount of fees that you believe you're entitled to when you're still in the moment litigating. So I can't really answer that. But it seems to me that that is distinctly different from anything having to do with mandatory statutory costs. I think Justice Mikva in the court below said that like prejudgment of interest, awarding mandatory statutory costs are essentially ministerial. So to your point, Justice Mikva believed that they were essentially ministerial. They are. It's not a lot beyond ministerial. Counsel, could the plaintiff have presented the fees and costs as part of what she was seeking to recover? So I'll answer your question, Justice Conant, by saying I'm not sure that there's anything that would prohibit her from doing that. But if she had done that and the arbitrator had ruled on it, there'd be no dispute that she was entitled to that, right? Well, I'm not sure. Say she won the case and the arbitrator had ruled in her favor and she presented the fees and costs as part of her request for relief. She would be entitled to that, wouldn't she? Well, you raise an interesting point that just kind of came up in my head, is that if that's in fact what happens, and let's say it's less than what was requested, how do I as the litigant go back and challenge that? That's one of the reasons why I believe that it's left for the trial judge at the time of judgment entering on the award, or sometime afterwards. Well, in my hypothetical, I am assuming that she presented an accurate amount, because that's usually pretty fixed. You know, how much you paid for filing and so on. The fees and costs are usually a fixed amount. So hypothetically, let's assume that she presented an accurate amount as part of her evidence and her damages and requests for relief, and the arbitrator ruled in her favor, would she be entitled to recover those fees and costs? I think that if the arbitrator – I don't think it would be prohibited from presenting that. And I think if the arbitrator were clear in reciting it through the award, how much was associated specifically to the injuries and how much was associated with any type of costs, that might be necessary. So I don't think it would be prohibited, but I don't think that a litigant should be prohibited from seeking those mandatory costs in the event that they are not brought to the attention of the arbitrator, because the statute itself, I believe, makes clear that. That wasn't my question, Counselor. I'm just asking simply whether she would be entitled to recover those fees and costs had she presented an accurate rendition of what those fees and costs were, and she won the arbitration. Would she be entitled to recover that? That's all I'm asking. I think she would, but I don't think that it is a type of claim for relief that has come about as an incident to the underlying litigation or the underlying negligence, for instance, in this case. But I don't think she would be prohibited from accepting those. So it could be, in your view, it could be either or. The plaintiff here could have asked for costs in front of the arbitrator, and the arbitrator had the authority to grant costs. I certainly think that that's possible. Or the damages could go to the trial court for a confirmation of the award, and then the court would be able to impose costs. It could be either way. Is that right? I certainly agree with the latter, that the trial court is the proper place for a submission of costs. But I don't disagree with you on the first point, that if she had submitted those costs to the arbitrator and if that arbitrator had made an award or awarded those costs, that that would prevent, for instance, judgment to be entered on that award. But what about the language that talks about, you know, the successful party? I mean, how does that, how do we know that you're the, and that's not being said by the plaintiff. How do we know that you're the successful party if we haven't had, you know, the arbitration? Absolutely, and that's one of my primary concerns that I have in this, is that the statute that allows me to seek and obtain mandatory statute of costs requires me to recover. So I have to be a prevailing party already. And that's the same with the defendant. The suggestion of the defendant in this particular case that everything has to be requested at the time of the arbitration would similarly obligate them to submit all of their costs in the event that they win. And that doesn't make a whole lot of sense either because now we're adding additional information for the arbitrator, for instance, to consider that isn't germania because there hasn't been a determination of who's a prevailing party. I certainly am happy to entertain any other questions, but I think that the crux of this is that the statute that is in derogation of the common law that allows a prevailing party to recover costs requires them to prevail. And unless and until there's a determination of whether or not someone's prevailing, anything that precedes that where there might be a submission of costs to Justice Cunningham's point may be permissible, but it's not necessary. Counsel, could you speak to your understanding of what Supreme Court Rule 92E means in relation to this issue? Sure. So 92E has two parts. And the first part, as I understand it, is that the panel must follow the law when it awards costs, if costs are requested. Nothing in that sentence says that there's an obligation under 92E that a party submit costs to the arbitrator. It's just that the arbitrator must follow the law. The next part of it is that costs are not waived if the panel fails to address those costs. And again, that doesn't speak to if a party fails to raise it or if the arbitration panel just for whatever reason fails to note it. They, for whatever reason, they get mired into the complexities of the case. They give their award. They make a determination. For instance, in my case, there was no contribution. And they say the amount of the award is this. And then they just move on. And they just, for whatever reason, just come back that somebody may have requested costs. They just didn't include it. In that case, would the prevailing party be required to reject the award unless the costs and fees are included? No. I don't believe that Supreme Court Rule 92E requires a party to reject an award. If they make a submission of their fees and costs and it is missed or not articulated correctly, I believe that the purpose of the rejection of the award relates to the damages incident to the underlying claim. For instance, bodily injury, pain, the suffering, loss of a life, whatever they are, as opposed to anything that after there's a determination of the party being prevailing or not, their ability to seek and obtain this monetary cost. If there's no other questions, I'll step down. Thank you, everybody. Thank you very much. Counsel for the athlete. Thank you. May it please the Court. Counsel. Cameron Nash on behalf of the Defendant Appellant, Esmeralda Macedo, Louis Bisgard, and Smith. So counsel addressed the issue that's here today, and I believe he missed a big part of it. He stated that the issue was, does a party forfeit their right to statutory costs if they're not submitted to the arbitrator or the arbitration panel at the time of the arbitration here? Why isn't that the issue? It misses a part of the issue. What part of the issue does it miss? And then that award is subsequently not rejected by the party who is now seeking costs. Okay. Tell me which part of the statute you rely on for the last part of what you just said. Which part of the cost? What are you relying on for the last part? You just said if the award is subsequently not rejected. Yes, so the mandatory arbitration system, it was put in place to try to efficiently move these cases through, avoid additional litigation expenses. I understand that. I want you to speak to specifically the concept that they must reject the arbitration award in order to, if they haven't gotten the fees and costs that they want, they must reject the arbitration award in order to seek those. Well, the rules state, whether it's the Cook County Rules of Mandatory Arbitration or the Supreme Court Rules of Arbitration, that an award must be accepted or rejected in its entirety. The award comes in, and if it says that costs aren't requested and costs aren't in the award, and the plaintiff feels that they're entitled to costs or the defendant feels that they're entitled to costs, they can either accept or reject the entirety of that award. Okay. How does that square with the Supreme Court Rule 92E that says, costs shall be determined by the arbitration panel pursuant to law. The failure to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment. What does that mean to you? To me, that says two things. It says that the arbitration panel is tasked with determining costs at the time of the arbitration hearing, which are presented to the panel at the time of that hearing. If they fail to do so, if there is a submission as part of the 90C or Rule 25.9 packet that contains costs, they're requested at the hearing, and the award does not contain an award of costs, at that point the party seeking those costs that properly submitted them at the time of the hearing pursuant to Rule 92E would either move at that time or at the time of judgment supported by the evidence of their 90C packet and what was actually submitted at the hearing to state that these costs were presented, the arbitration panel did not address the costs that were presented. And I also see the logical, it logically flows from that point that if the panel shall determine those costs, if they're not presented, and there's therefore not an award of costs in the arbitration award, and that award is subsequently not rejected, the plaintiff or the prevailing party is precluded from seeking those costs following the lack of a rejection at the time of judgment. So in your thinking, both parties would have to include all fees and costs in their pleadings just in case they won. In their 90C or evidentiary submission, yes, I would say that that is the case, because a big factor here in the mandatory arbitration process is you get an award, and then you've got a certain amount of time to determine whether you're going to accept that award or if you're going to proceed to trial on that. And while I... And if they don't include it, what does the language in 92E mean? Does that mean that they waive their right to seek it after they prevail? Are you saying in a situation where the costs were presented at the time of the hearing? Well, if they were presented and not ruled on, or if they didn't present it. You know, as your opponent said, something about the parties may not know who's going to win, obviously, and so they may or may not have included that in their pleadings for relief. Understood, and... I'm just asking with specificity, according to Supreme Court Rule 92E, what does that phrase, shall not constitute a waiver of a party's right to recover costs, mean? What does that mean to you? If the party didn't submit them, are you saying they waive them anyway in spite of 92E? Yes, if the party does not submit them, I would say that is a logical reading of that portion of the rule. If they submit them but there's no award of costs or there's just an absence of any notation of costs within the award, then 92E provides relief to the party that properly presented all evidence at the time of hearing. And this really goes to the part of the... So are they just allowed just to add it on, or how does that work? Because, you know, if they presented it and it's not included or ruled on, are they able to accept the arbitration and then just, you know, to the circuit court say, well, this needed to be added on because they didn't rule on it but it's mandatory? You know, I guess I'm a little confused how that actually works. Or does that require, it's not included, that they have to reject it then? My position would be that, and I believe it's supported just by the language of the rule, is at that point, the time of judgment, if costs were presented and they were silent in the award, that provides what I believe to be the only avenue of relief in this situation is that you could move at the time of judgment to seek the costs that were requested at the time of hearing that the other party is made aware of at the time of the hearing. Which really goes to the key fundamental aspect of the mandatory arbitration program is that you get an award and you're deciding whether or not I'm going to reject the amount that is on the face of this award. Now in the situation that you've brought up, at the arbitration hearing you've been presented with evidence of costs, you know what the amount is, you can reasonably assume under 92E that there's a chance that the additional costs may be sought. At least it's something you can consider in determining whether you're going to accept or reject the award. In this instance, no evidence of costs was presented at the time of the hearing. It's not something that would come out during the normal course of discovery. So in rejecting the award at that point, a litigant doesn't know what the award is that they're rejecting. In this case the award was, I believe the costs were ordering $700, which may seem like a minor amount, but some of these awards come in and they're $1,500. This case was $13,000, $700. I don't completely cite my math here, but it's about 5% of that award. It's an additional cost that is not considered. And there's the question of whether the prevailing party has waived their right to these costs. What rule provides for that? I see Rule 25.11. It says, The failure to timely and properly reject the award as provided herein will constitute a waiver of the party's right of rejection. How does that factor into the analysis, if at all? In terms of the tideliness? In terms of whether or not you're entitled to an award if you don't reject it. An award that wasn't requested. So the award of costs that wasn't requested. So I would look at it like this, is that there is a statutory method in place that we're discussing here today that provides that a prevailing party shall recover costs. The rules here provide a method to do that within the arbitration setting such that it will be factored into an award that the presumably losing party, for lack of a better word, would consider in their rejection. And what is the party waiving by not rejecting? They're waiving their right to a jury trial. Similarly to a prevailing litigant who didn't request costs, not rejecting the award, they're waiving their right to statutory costs. Counsel, my real question is, which rule applies? That's my question. What rule applies? Which rule in Cook County would apply? Does the Cook County rule or the Supreme Court rule? Which one applies? I would say that the Cook County rules apply. Because? Now tell me why. Because the Supreme Court has authorized them to promulgate their rules governing their mandatory arbitration so long as they're not inconsistent with this court's rules. And that's based on Cruz? That is based on Cruz. Jones, another case that was cited, provided a pretty detailed history of how we got to a law division mandatory arbitration. Are these rules inconsistent? Isn't that what we're stuck with? That there's a state Supreme Court rule regarding all of these issues. There's a Cook County rule. I keep looking, where is the legal issue? Is that the problem? That there are two separate rules and they don't seem to be consistent. I think in terms of... Which one prevails. Is that the issue? In terms of entering judgment on the award, I think I believe that they're virtually the same. In terms of costs, we have the Illinois Supreme Court rule adding 92E in 2017, which was after Cook County created their rules. So there is no corresponding rule regarding submission of costs at the time of the arbitration hearing. However, the overall purpose and goal of the mandatory arbitration hearing is to receive the award and either reject or accept it in its entirety. Well, can we look at what the dissent in the appellate court said? Justice Mikva said the fact that Cook County didn't amend their rule to be consistent with the Supreme Court rule. Based on her reading of the rule, it suggests that the rules are consistent. Cook County expects that its rule is consistent with the Supreme Court rule. If that is the case and the Supreme Court rule speaks to no waiver by failing to bring... Does that mean that Cook County... The Cook County rule also says that the party doesn't waive their right to raise the fees and costs issue at a later time outside the arbitration proceeding, i.e. in the circuit court. If it were consistent with my reading of Rule 92E, which I would argue it must be to the extent it's silent, it must be consistent just based on typical rules of construction and the local court's authority. If it were consistent, then a party that presented fees and costs at the time of the hearing, put it in their evidentiary submission, and it was subsequently failed to be ruled upon by the arbitrator, would have a method of relief, but that's not the case here. Well, how do you reconcile that with the Supreme Court? The language, it says, the failure to address costs shall not constitute a waiver of a party's right to recover costs upon entry of judgment. How do you reconcile that with the position that you just stated? I think the language is important where it states that the failure of the arbitration panel to address costs shall not constitute a waiver of a party's right. It doesn't say a party's failure to present costs at the time of the hearing shall not constitute a waiver of the party's right. And I think that that would have been made clear if that were the case. And I said that I think a logical reading of that is where a party presents costs at the hearing and subsequently the award simply gives a ruling in favor of plaintiff, a monetary amount, and no mention of costs, an award of costs, which would have to be a separate portion of the award, then there would be an avenue to redress that situation. However, if a party proceeds to mandatory arbitration, does not present their costs, receives an award, and then subsequently does not reject the award at that time, within the time allowed by law, the judgment should be entered on that award. This court has said, and it said it in Cruz, that the role of the circuit court is fairly limited. They're tasked with entering judgment on the award as written if there is no rejection of the award. And as counsel pointed out, Cruz involved attorneys' fees rather than costs. But attorneys' fees, finding that the attorneys' fees should have been presented at the time of hearing because they were incidental damage that were part of the claim for relief. In addition, it's similar to statutory costs. The attorney fees and statutory costs at common law, you couldn't recover those. You're only permitted to do that if a statute supports it. In the Cruz case, the Consumer Fraud Act, similar counsel don't deal with that one too much, but my understanding is that those fees are only awarded to the prevailing party. And this court found that even though they weren't the prevailing party until an arbitration award was entered, those fees were part of the claim for damages, they were part of the prayer for relief, and they should have been requested at the time of the hearing. And the failure to subsequently reject an award that did not contain the fees that the prevailing party felt they were entitled to constituted a waiver of the right to those damages. And a big portion of that is the limitation on the surrogate court in modifying the arbitration award. Counsel, is that your position regarding pre-judgment interests also? So that would be my position with respect to pre-judgment interests, which isn't an issue in this portion of the appeal. However, I do think that there is a slight difference between pre-judgment interests and costs. As I mentioned, when you're rejecting an award, when you're waiving your right to a jury trial, you deserve to know what the liability is against you. And we've discussed how a litigant would never know what the costs were if they're not going to be presented during discovery, they're not presented at the time of the hearing. That's different than pre-judgment interests. Once a litigant receives the award, they know what the award is, they know how much they had previously offered in the 12-month period, and they can get a calculator out and figure out what the pre-judgment interest would ultimately be. So who would enter the order for that? Would that be the arbitrator after it's done, or would that be the circuit court? That would be a role of the circuit court. I think that the main difference is if we're talking about an arbitrator presenting or awarding pre-judgment interests, that it's slightly different because it does prejudice one of the litigants who would have to produce what their settlement offer was at a certain time at the time of the hearing, which would ultimately, I would argue, prejudice the hearing and the award in and of itself. So there is a role for the circuit court to play after the arbitration award has been entered? Yes. In the case of pre-judgment interests based upon the appellate court's holding in this matter, there is a role. However, it's not modifying the award. It's modifying the statutory pre-judgment interest, whereas statutory costs, that is something that could have been in the rules of cloud, that to have been presented at the time of the hearing. And again, it goes to the overall purpose of the mandatory arbitration system. If I'm rejecting my right to a jury trial, I should know what amount I'm liable to pay in exchange for rejecting that right. Again, it's similar to if I don't reject, if I as the non-prevailing party, if I reject, if I don't reject the award, I'm waiving my right to a jury trial and I'm entering judgment on the award. If the prevailing party has an award and does not reject that award, they're waiving their right to collect additional costs that could have been requested prior to that point under the rules. And I just note that the rules in terms of what can be presented to the panel, when you look at Rule 90C and you look at Rule 25.9 of the Cook County local rules, neither mention submission of costs. But there doesn't seem to be a question that those could have been submitted at arbitration pursuant to the Supreme Court rules. I think that's all my time. Thank you. Thank you, Mr. Counsel. Counsel Andrew? Thank you. Just very briefly, Justice Dunwoody, to your point, there isn't a rule that deals specifically the issue of cost in the Law Division Circuit Court. What counsel has put in this brief is kind of the catch-all. But the catch-all that's found in, it says, the requirement of the day documents that a party seeking to have- What rule are you reading? I'm sorry. This is Cook County Circuit Rule 25. And this is the catch-all that Rule 25.8A states that the parties shall confer and exchange the documents listed here, including documents a party seeks to have publicly admitted, as provided in 9.1 as well as any other documents a party intends to offer at a hearing. So, and the specifics, I forget the- The Circuit Court rule, I don't have it off the top of my head, but it's part of the 25 series. But it talks about the things that are being submitted. And it's all the things that you think to prove your case of liability against the other side. It could be, you know, if you're going to be using a medical records, medical bills, deposition testimony. Some of these are not going to be there. And then there's the catch-all statement at the end. The catch-all statement at the end, if it were intended to reflect what they're supposed to be cost-included, it could have included that. But it didn't. And so it really leads a litigant to believe that what they're referring to is what is the proof for your case in order to demonstrate your claim for relief related to the injury. So there isn't a rule that is specific to situations like this. May I ask just one other thing? Yes. Sorry, Joyce. Do you think there's a conflict? Is it inconsistent that Cook County rules are inconsistent with the Supreme Court rule? I think the Cook County rules do not speak to the issue of cost at all. So to the extent that it is omitted, it is not inconsistent. To the extent that it is read as obligating a party to include those, then it would be inconsistent with not only the letter but I believe the spirit of 92E. So if it's inconsistent or the local rules don't speak to this issue and the Supreme Court rule does, would the Supreme Court rule control? I don't think that the Supreme Court rule deals with panels of attorneys. This is a panel of arbitrators. This is a single arbitrator, so I'm not sure that it's to the letter. But I think that to the extent that Supreme Court rules say that you can submit the cost to be considered, but if they are not addressed one way or the other because of failure to submit or the arbitrators themselves don't address them, it's not waived. But I think it was, I forget who had the question, I think it was Justice Cunningham, about what role does the trial court have related pre-judgment interest. They absolutely have it because until you've got a judgment, you don't have enough information to address pre-judgment interest. In a jury trial circumstance, which I think is essentially what the JOA is intended to do, it's supposed to be the jury's verdict of this arbitrator. In a trial circumstance, there's the judgment on that jury board. And then, then and after that is when the party is looking at the issue of land source taxation costs through a motion for taxation costs, and then pre-judgment interest, and then that judgment is then amended. And that's essentially what would happen in an arbitration. So there isn't anything untoward about keeping the ability of the trial court to address the issue of mandatory statutory costs along with the pre-judgment interest because it is essentially a ministerial act, and it's the wrong location to put that obligation on the arbitrator. And to one of the earlier questions, I think it may have been, I'm sorry, the gist of the issue was, let's say at the arbitration, it's a small award. Let's say it's a $10,000 award, and let's say that that was the request, that was the prayer that was made by the plaintiff's attorney in that. And then they submit $2,000 worth of costs. And then the award comes back from the arbitrator saying it's $10,000. That's all it says. It doesn't say that it's itemized. It's only $8,000 per pain and suffering. It's $2,000 worth of costs that were submitted, and it's just up in the air. There's no way to go behind that to find out what the arbitrator meant. And it also kind of throws into the wind whether or not it's an $8,000 award or not. So it clouds the process of the arbitration, which is intended essentially, the role of the arbitrator is essentially to serve as a jury at an earlier time. That's the type of efficiency that the arbitration program is intended to have. It's not to streamline the issue of just talking about fees and costs, right? I mean, not fees. Costs, mandatory costs. That should be left for the trial court. It can be raised to the point that was in my original argument. It can be raised, but I don't think it must be raised. I think it is always available, and it's not waived, that right that was granted to all litigants who prevail by the legislature. There's lots of other questions. Thank you, everybody. Thank you very much. This case, Agenda Number 6, Number 130687, Herman Jordan v. Esmeralda Sheridan. We take it under review. Thank you very much.